UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG A. PATTON JR., #356869,

       Plaintiff,

v,                                                      CASE NO. 2:23-CV-13020
                                                     HONORABLE SEAN F. COX

JOHN CHRISTIANSEN, et al.,

       Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

I.

Michigan prisoner Craig A. Patton Jr. ("Plaintiff"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 concerning the handling of his legal mail and related grievances while he was confined at the St. Louis Correctional Facility in St. Louis, Michigan in June, 2022. He names Warden John Christiansen, mailroom employee J. Huntoon, and an unidentified mailroom employee ("John Doe") as the defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages. ECF No. 1. The Court has granted him leave to proceed without prepayment of the filing fee for this case. ECF No. 4.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and based on sovereign immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

2

action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).

III.

With the foregoing standards in mind, the Court concludes that Plaintiff's complaint is subject to summary dismissal in part. First, Plaintiff's claims against defendant Christiansen must be dismissed for failure to state a claim upon which relief may be granted. The claims against defendant Christiansen are based upon his supervisory role over the other defendants and the denial of grievances. It is well-settled, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Any assertions that defendant Christiansen (or any other defendant) failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the

3

situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Thus, to the extent that Plaintiff alleges that defendant Christiansen (or any other defendant) should be liable for another person's conduct, he fails to state a claim upon which relief may be granted.

Additionally, to the extent that Plaintiff asserts that defendant Christiansen violated his constitutional rights by denying his grievances or failing to properly investigate, he fails to state a claim upon which relief may be granted. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-465 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

A failure to investigate another person's alleged constitutional violation also "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's purported failure to

4

investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct.  *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff thus fails to state a claim upon which relief may be granted against defendant Christiansen concerning the denial of his grievances and the investigation of the incident.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-767 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Second, Plaintiff's complaint must also be dismissed, in part, based on sovereign immunity.  Plaintiff sues the defendants, who are all Michigan Department of Corrections ("MDOC") employees, in their official capacities and seeks monetary damages as relief.  The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Eleventh Amendment immunity applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

"The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661

5

(6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Because the defendants are MDOC employees who are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against those defendants in their official capacities must be dismissed.

Lastly, the Court finds that Plaintiff's claims against defendant J. Huntoon and John Doe concerning the handling of his legal mail are not subject to dismissal at this time. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief against those defendants (in their individual capacities).

IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims against defendant Christiansen concerning his supervision of the other defendants and the denial of grievances. Accordingly, the Court **DISMISSES** those claims and defendant Christiansen from this case.

The Court also concludes that the defendants, who are MDOC employees and who are sued in their official capacities, are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Plaintiff's claims for monetary damages against the defendants in their official capacities.

The Court further concludes that Plaintiff's claims against defendants J. Huntoon and John Doe concerning the handling of his legal mail survive the initial screening process and are not subject to summary dismissal.

6

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: January 11, 2024                              s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge